## DISTRICT COURT OF THE UNITED STATES
## EASTERN DISTRICT OF MISSOURI

SABRINA KOEHLER

    **PLAINTIFF**              (
                               (    **JURY TRIAL DEMANDED**
                               (
         vs.                (    Docket Number **4:24-cv-01020-JSD**
                               (
                               (
BROKER SOLUTIONS, INC. d/b/a    (
NEW AMERICAN FUNDING       (
                               (
    **DEFENDANT**

_____

## SECOND AMENDED COMPLAINT

**Sabrina Koehler**
4023 Fawn Hollow Drive
House Springs, Missouri 63051
314-603-6030
SabrinaKoehler2020@gmail.com

# **TABLE OF CONTENTS**

I. PARTIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .4

II. JURISDICTION AND VENUE . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .5

III. INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .6

IV. FACTUAL ALLEGATIONS . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    Property Purchase and Original Loan . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    Loan Payments and Payoff . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .7

    Forged Loan Documents and Fraudulent Acts . . . . . . . . . . . . . . . . . . . . . . .8

    Defendant's Misrepresentations and Lack of Disclosure. . . . . . . . . . . . . . . . .9

    Discovery of Fraud and Forged Documents. . . . . . . . . . . . . . . . . . . . . . . . . .9

    Foreclosure Proceedings. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

    Plaintiff's Attempts to Resolve the Issue. . . . . . . . . . . . . . . . . . . . . . . . . . .10

    Expert Analysis and Opinion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .10

    First Assignment of Deed of Trust. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .11

    Second Assignment of Deed of Trust. . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

    Third Assignment of Deed of Trust . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

    Safeco Insurance Account Number. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

V. CAUSES OF ACTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

    COUNT ONE: Fraud. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .13

    COUNT TWO: Breach of Contract. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .15

    COUNT THREE:Conversion. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .16

    COUNT FOUR: Breach of Implied Covenant of Good Faith and Fair Dealing. . . . .17

    COUNT FIVE: Unjust Enrichment. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .19

    COUNT SIX: Forgery. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .21

    COUNT SEVEN: Slander of Title. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .23

    COUNT EIGHT: Intentional Infliction of Emotional Distress. . . . . . . . . . . . . . .25

    COUNT NINE: Unfair and Deceptive Practices. . . . . . . . . . . . . . . . . . . . . . .27

COUNT TEN: Quiet Title..............................................29

**VI.  CONCLUSION**.......................................................31

**VII.  PRAYER FOR RELIEF** ...............................................32

## DISTRICT COURT OF THE UNITED STATES
## EASTERN DISTRICT OF MISSOURI

SABRINA KOEHLER

| | |
|---|---|
| **PLAINTIFF** | ( |
| | (    **JURY TRIAL DEMANDED** |
| | ( |
| vs. | (   Case:  4:24-cv-01020-JSD |
| | ( |
| | ( |
| BROKER SOLUTIONS, INC. d/b/a | ( |
| NEW AMERICAN FUNDING | ( |
| | ( |
| **DEFENDANT** | |

_____

## SECOND AMENDED COMPLAINT

**COMES NOW** plaintiff Sabrina Koehler  acting in *Pro se* capacity on behalf of herself reside at 4023 Fawn Hollow Drive, House Springs, Missouri 63051 and files this Second Amended Complaint pursuant to Judge Dueker's Order dated March 6, 2025 (Doc. 25), to correct the jurisdictional issues as follows:

## I.  PARTIES

The Plaintiff, Sabrina Koehler, is a citizen of the State of Missouri, residing at 4023 Fawn Hollow Drive, House Springs, Missouri 63051 in Jefferson County, Missouri.

The Defendant, Broker Solutions, Inc., doing business as New American Funding, is a corporation incorporated under the laws of the State of California, with its

principal place of business located at 14511 Myford Road, Suite 100, Tustin, CA 92780. Therefore, Defendant is a citizen of California.

## II. JURISDICTION AND VENUE

The transactions and events which are the subject matter of the Complaint all occurred within Jefferson County, State of Missouri. Federal Court jurisdiction is proper because Plaintiff's claims involve her property, which is worth approximately $238,000, and Plaintiff is requesting monetary relief of $100,000. The Defendant is a citizen of the State of California, where it is incorporated and has its principal place of business. Therefore, complete diversity exists between the Plaintiff and Defendant, satisfying the requirements for diversity jurisdiction under 28 U.S.C. § 1332.

The court can consider state law claims under supplemental jurisdiction per 28 U.S.C. § 1367 and the Erie Doctrine. The subject property giving rise to the lawsuit is known as 4023 Fawn Hollow Drive, House Springs, Missouri, 63051. The Plaintiff is a citizen of the State of Missouri and resides at the Property, 4023 Fawn Hollow Drive, House Springs, Missouri 63051, which is her primary and sole residence. The Legal Description for the Subject Property, in relevant part, describes it as:

Lot 73 of Northwest Point Plat Two, according to the Plat thereof recorded in Plat Book 158, Page 14 of the Jefferson County, Missouri Records.

# III.  INTRODUCTION

This case seeks justice and relief for Plaintiff, Sabrina Koehler, a victim of fraudulent loan documents and lending misconduct. Despite her diligent efforts to resolve the dispute, the loan was sold to a new lender, further complicating the situation. The lender's fraudulent actions are starkly evident. Plaintiff has conclusive evidence that she never signed the loan note, and the lender has produced three different versions of the note, each with a different signature. Now, Plaintiff seeks a declaratory judgment, injunctive relief, and a quiet title action to determine the validity of the original loan agreement, the forged documents, and her rights and obligations under the law, and to quiet title to the subject property free from any claims or liens asserted by the lender. Through this action, Plaintiff aims to hold the responsible parties accountable, prevent further harm, and secure a fair resolution that upholds her rights as a borrower and property owner. This case involves a fraudulent loan scheme perpetrated by Defendant Broker Solutions, Inc., doing business as New American Funding (NAF). In October 2020, NAF fabricated and forged loan documents, including a Deed of Trust and promissory notes, in the name of Plaintiff Sabrina Koehler without her knowledge or consent. Despite Plaintiff's repeated attempts to resolve the issue, NAF proceeded to foreclose on the loan and sold it to Midfirst Bank. The following factual allegations outline the events leading up to and surrounding this fraudulent scheme.  The outcome of this case will have important implications for borrowers' rights and the prevention of fraudulent lending practices in the mortgage industry.

# IV.  FACTUAL ALLEGATIONS

## Property Purchase and Original Loan

1.  The Plaintiff purchased property located at 4023 Fawn Hollow Drive, House Springs, Missouri, in Jefferson County Missouri on November 12, 2019.  A copy of the original Deed is attached hereto as **Exhibit A.**

2.  The original lender was Broker Solutions, d/b/a New American Funding.

3.  The amount of the loan was $157,000.00.  A copy of the Promissory Note showing paid in full is attached hereto as **Exhibit B.**

4.  Plaintiff signed the loan documents with her boyfriend, Arthur Jennewein. (Exhibit B)

## Loan Payments and Payoff

5.  The Plaintiff acquired full legal title to the property via a quit claim deed.  A copy of this quit claim deed is hereto attached as **Exhibit C**

6.  Plaintiff paid the loan as agreed, paying more than the minimum amount.

7.  Plaintiff logged onto the Defendant's website portal and saw that her loan was paid in full.  A copy of a screenshot that shows this is attached hereto as **Exhibit D.**

8.  Plaintiff contacted Defendant and asked why they paid off the old loan and issued a new loan.

9.  On October 20, 2020 Defendant, Broker Solutions, doing business as New American Funding fabricated and forged a second set of loan documents. A copy

of this Deed of Trust is attached hereto as **Exhibit E.**

10.  Plaintiff requested to see a copy of the new promissory note that she knew she never signed.

11.   Defendant mailed her copies of three very different promissory notes with forged signatures. Copies of these three notes are attached hereto as **Exhibit F**.

## Forged Loan Documents and Fraudulent Acts

12.  On November 17, 2020 filed a release of deed on loan 3000337494 which shows this loan was paid in full.  This lien release is attached hereto as **Exhibit G.**

13.  Plaintiff emailed Defendant's customer service representative, Noah Ortiz and he explained that on October 20, 2020  was when the new loan was procured.

14.   Noah Ortiz explained he thought she was in a financial hardship because this was during the Covid Pandemic.  Copies of these emails are attached hereto as **Exhibit H.**

15.   The amount of the "new" loan was for $154,614.00 with an interest rate of 2.99%.

16.  Plaintiff fearing fraud had taken place told Defendant she did not want a new loan.

17.  Defendant told Plaintiff that it was too late, that the loan was a "done deal".

18.  Plaintiff, thinking this was a case of identity theft contacted the police and made a police report regarding this incident.  A copy of this police report is hereto attached as **Exhibit I.**

19. Plaintiff received an email from NAF employee Brittany Arguelles dated

    November 3, 2020 at 6:07 P.M.  A copy of this email is hereto attached as

    **Exhibit J**. This states the following:

    "I am reaching out to you in regard to your recently closed loan with us. New
    American Funding, during a recent Post-Closing audit a document, the Note
    was damaged during delivery from your closing to us.  If you can please confirm
    a date, time and place and best contact number we can send out a notary free
    of charge to have this re-signed as quickly as possible. There are no changes
    to your loan terms. This is merely to replace the damaged document."

20. Defendant never contacted the Plaintiff again about the "damaged note", or

    scheduled a time and place to sign it.

## Defendant's Misrepresentations and Lack of Disclosure

21. Plaintiff logged into the Defendant's New American funding website to check the

    balance and found three separate loan applications listed.

22. The first loan application showed the borrower as Arthur Jennewein for the

    amount of **$151,954.00**, dated November 29, 2020.  A copy of a screenshot of

    this is attached hereto as **Exhibit K.**

23. Exhibit K shows a separate line of another loan for the amount of **$151,954.00.**

## Discovery of Fraud and Forged Documents

24. Exhibit K shows the borrower Sabrina Koehler's application is dated September

    29, 2020.

25. Exhibit K shows yet another line for the amount of **$154,303.00** dated November

    4, 2019.

26. Plaintiff alleges that upon information and belief that the forged loan documents were prepared to allow the Defendant to get unjust enrichment by applying for federal funding related to the Covid 19 pandemic under the Cares Act.

## Foreclosure Proceedings

27. On January 27, 2022 Defendant NAF initiated a non judicial foreclosure. A copy of the Appointment of Successor Trustee was filed in the County Recorder, document 2022R-003900, whereas NAF appoints *S & W Foreclosure Corporation.* A copy of this is attached hereto as **Exhibit L**

## Plaintiff's Attempts to Resolve the Issue

28. On May 16, 2023 Plaintiff sent an email to Noah Ortiz. A copy of this email is attached hereto as **Exhibit M.** This email states the following:

"Oh the Addendum you have marked Arthur Jennewein as married stated we were in a financial crisis when both our credit scores were well above the poverty level! We were in no crisis at the time! As stated by you on your records. You also have not provided any good faith and you are morally corrupt. The 3 loans you produced illegally are known to New American Funding now! The signing you made up was not wet signed. You stole my money. You just put us in a lower class for your own financial gains stealing equity from my family. You accessed my bank account with your name on GitHub! "

## Expert Analysis and Opinion

29. Plaintiff employed Lynda Hartwick, DBFDE, a forensic document examination handwriting expert to analyze the forged documents. A copy of this report with the following attachments is hereto attached as **Exhibit N.** This report includes:

- Certificate of Report

- Curriculum Vitae of Lynda Hartwick

- Sworn court testimony record

- Annotated Q-1a and Q1b

- Annotated K-1 through K-14

- Guidelines and principles set forth by the Scientific Working Group for Document Examiners.

30. This report substantiates the Plaintiff's claims that Defendant forged signatures on the loan documents.  The Conclusion of this report states the following:

> *"The opinion offered is within the certainty required by an expert in the discipline of forensic document examination.  This examiner is prepared to testify to and demonstrate how these findings were reached at the hearing of a court of law. Should the original documents become available, the undersigned may modify the report with further results.  All supplemental reports and demonstrative exhibits will be provided as requested by the client".*

## First Assignment of Deed of Trust

31. On January 6, 2022 the Defendant recorded an assignment of Deed of Trust. In the county recorder's office in Jefferson County Missouri under instrument number 2022R-000626.  A copy of this assignment is hereto attached as **Exhibit O.**  This assignment states the following:

> "MERS as beneficiary nominee for Broker Solutions, INC d/b/a New American Funding, Its successors and assigns, located at PO Box 2026, Flint Michigan, 48505, (Grantor Assignor) conveys to Broker Solutions, Inc, d/b/a New American Funding located at 11001 Lakeline Blvd, 325 Austin, TX 78717 (Grantee)"

32. In this assignment (Exhibit O) MERS is acting as the nominee Lender representing the assignor for Broker Solutions, Inc.

33.  In this assignment (Exhibit O) shows the assignee is New American Funding, the Defendant.

34.  This assignment is defective because this loan was procured on October 20, 2020 by fraudulent means.

35.  This assignment is defective because Addison Rice is not the Vice President of MERS.

36.  Addison Rice works for a company called First American Mortgage Solutions.

## Second Assignment of Deed of Trust

37.  On July 19, 2022 the next assignment of Deed of Trust was recorded.  A copy of this Assignment of Deed of Trust is hereto attached as **Exhibit P.**  This assignment states the following:

"Broker Solutions, Inc, d/b/a New American Funding located at 11001 Lakeline Blvd, 325 Austin, TX (Grantor Assignor) conveys to MERS as beneficiary nominee for Broker Solutions, INC d/b/a New American Funding, Its `successors and assigns, located at PO Box 2026, Flint Michigan, 48505"

38.  This assignment is  also defective being made from a fraudulent loan.

39.  The assignor is the Defendant, NAF and it is conveying it to MERS.

40.  The party signing is Addison Rice, except this time she is working for NAF.

41.  This second assignment and any assignments made down line are defective and ineffective

## Third Assignment of Deed of Trust

42.  On October 11, 2023 the next assignment  of Deed of Trust was recorded.  A copy of this assignment is attached hereto as **Exhibit Q.**   This assignment states the following:

"MERS as beneficiary nominee for Broker Solutions, INC d/b/a New American Funding, Its successors and assigns, located at PO Box 2026, Flint Michigan, 48505, (Grantor Assignor) conveys to Midfirst Bank, a Federally chartered

savings association whose address is 999 NW Grand Boulevard, Suite 100, Oklahoma City, OK 73118"

43. This assignment is also defective.

44. The previous two other assignments are invalid making this assignment ineffective.

45. On October 11, 2023 Defendant sold the loan to Midfirst Bank.

46. Defendant NAF knew the loan was fraudulent when it sold the loan to Midfirst Bank.

47. Defendant has been harmed by Defendant's careless actions and is requesting this honorable court to grant a quiet title action as well as declaratory and injunctive relief.

## Safeco Insurance Account Number

48. The plaintiff reviewed additional records and discovered a statement from SAFECO Insurance dated September 14, 2020. At that time, the loan number was 3000424027. A copy of it is attached hereto as **Exhibit R.**

49. This statement, however, lists loan number 110020227676, which corresponds to the fraudulent loan dated October 20, 2020.

50. The plaintiff questions why NAF would have provided SAFECO with an account number for a loan that had not yet been issued and did not exist on that date.

## **V.  CAUSES OF ACTION**
## **COUNT ONE**
## **FRAUD**

51. Averments of paragraphs 1 through 50 are incorporated herein by reference..

52. Defendant, through its agents, knowingly made false representations of

material facts to Plaintiff, including forging Plaintiff's signature on loan documents and misrepresenting the terms of the loans.

53. Defendant made these false representations with the intent to deceive Plaintiff and induce her to enter into new loan agreements under false pretenses.

54. As a direct and proximate result of Defendant's fraudulent conduct[1] and violating the Missouri Statutes  §516.120, and  §443.930 Plaintiff has suffered damages, including but not limited to financial harm, emotional  distress, and damage to creditworthiness.

55.  Defendant's fraudulent conduct warrants punitive damages due to its willful and malicious actions.

56.  **Plaintiff seeks:**

(1) Declaratory relief declaring that Defendant's actions violated the Missouri Statutes, Section  §516.120, and  §443.930.


(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

(4) Actual damages for harm suffered by Plaintiff as a result of Defendant's actions, including emotional distress and financial harm.

---

[1]**Missouri Revised Statutes Section § 516.120** allows for a civil action to be brought against someone who has committed fraud, Missouri Statute  §443.930 is a criminal statute, making mortgage fraud a criminal offense. Specifically, it is a class D felony, punishable by up to 4 years in prison and a fine of up to $5,000. However, it's important to note that victims of mortgage fraud may also have civil remedies available to them. For example, they may bring a civil action for fraud, deceit, or other related claims. In a civil case, the victim may seek damages, rescission of the mortgage, or other forms of relief. So, while Section 443.930 is a criminal statute, it can also have implications for civil cases related to mortgage fraud.

(5) Restitution of any payments made by Plaintiff to Defendant under the

disputed debt.

(6) Punitive damages to punish particularly egregious or willful conduct by

Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable

litigation expenses.

(8) Any other relief the Court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT TWO
## BREACH OF CONTRACT

57.  Averments of paragraphs 1 through 56 are incorporated herein by reference.

58. The original loan agreement entered into by Plaintiff and Defendant constituted

a valid and enforceable contract.

59. Defendant breached the contract[2] and violated Missouri Statutes Section

§400.2-612  by fraudulently altering the terms and  conditions of the loan

agreement without Plaintiff's knowledge or consent.

60.  As a result of Defendant's breach, Plaintiff has suffered damages, including but

not limited to financial losses and the threat of foreclosure.

61. **Plaintiff seeks:**

---

[2]**Section  §400.2-612:** This statute deals with breach of contract in installment contracts, where the buyer may reject any nonconforming installment that substantially impairs the value of that installment. - Section 400.2-718: This statute provides for liquidation or limitation of damages for breach of contract, where damages may be liquidated in the agreement, but only at an amount reasonable in light of the anticipated or actual harm caused by the breach.

(1) A declaratory relief declaring Defendant actions violated the Missouri Statutes Section  §400.2-612.

(2) An injunction preventing the Defendant from enforcing the void loan or pursuing  foreclosure based on it.

(3) Restitution for any payments made under the void loan.

(4) Punitive damages due to the Defendant's egregious and bad faith conduct.

(5) Specific performance requiring the Defendant to correct any negative   credit reports resulting from the forged loan.

(6) Any other relief the court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT THREE
## CONVERSION

62.  Averments of paragraphs 1 through 61 are incorporated herein by reference.

63. Defendant, without authorization or lawful justification, converted Plaintiff's property rights by fraudulently obtaining and enforcing new loan agreements based on forged documents and violated Missouri Statutes  §400.-420 [3]

64. Defendant's actions in converting Plaintiff's property rights were intentional, willful, and in conscious disregard of Plaintiff's rights.

65.  As a result of Defendant's conversion, Plaintiff has suffered damages, including but not limited to loss of equity in the property and financial harm.

---

[3] **Missouri statute Section  §400.3-420** , which deals with the conversion of instruments. However, conversion can also be considered a common law tort in Missouri . Here are some key points about conversion in Missouri: - Definition: Conversion is the unauthorized assumption and exercise of the right of ownership over the personal property of another to the exclusion of the owner's rights.  Elements: To prove conversion, a plaintiff must show that they were the owner of the property or entitled to its possession, that the defendant took possession of the property with the conscious intent to exercise some control over it, and that the defendant thereby deprived the plaintiff of the right to possession of the property.  Remedies: The measure of liability for conversion is presumed to be the amount payable on the instrument, but recovery may not exceed the amount of the plaintiff's interest in the instrument (Section 400.3-420)

66. **Plaintiff seeks:**

(1) Declaratory relief stating that Defendant violated Missouri Statutes. §400.3-420.

(2) An injunction preventing the Defendant from enforcing the void loan or pursuing foreclosure based on it.

(3) Restitution for any payments made under the void loan.

(4) Punitive damages due to the Defendant's egregious and bad faith conduct.

(5) Specific performance requiring the Defendant to correct any negative credit reports resulting from the forged loan.

# V.  CAUSES OF ACTION
## COUNT FOUR
## BREACH OF IMPLIED COVENANT
## OF GOOD FAITH AND FAIR DEALING

67. Averments of paragraphs 1 through 66 are incorporated herein by reference..

68. The original loan agreement between Plaintiff and Defendant, and subsequent transactions, included an implied covenant of good faith and fair dealing.

69. Defendant violated Missouri Statutes  §400.1-304 breached the implied covenant of good faith and fair dealing[4] by engaging in conduct that frustrated Plaintiff's reasonable expectations under the loan agreement and subsequent transactions.

70.  Defendant's actions, including but not limited to forging Plaintiff's signature on loan documents, misrepresenting the terms of the loans, and proceeding with foreclosure proceedings despite fraudulent activities, constitute a breach of the implied covenant of good faith and fair dealing.

---

[4]**Missouri Statutes  §400.1-304**: Imposes an obligation of good faith in the performance and enforcement of every contract or duty. 400.2-103: Defines "good faith" in the case of a merchant as honesty in fact and the observance of reasonable commercial standards of fair dealing in the trade.

71. As a result of Defendant's breach, Plaintiff has suffered damages, including financial losses, emotional distress, and the threat of losing her property through wrongful foreclosure.

72. Defendant's breach of the implied covenant of good faith and fair dealing warrants punitive damages due to its egregious conduct and willful disregard for Plaintiff's rights.

73. **Plaintiff seeks:**

(1) Declaratory relief stating that Defendant violated Missouri Statutes §400.1-304 for Defendant's breach of implied covenant of good faith and fair dealing.

(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

(4) Actual damages for harm suffered by Plaintiff as a result of Defendant's actions, including emotional distress and financial harm.

(5) Restitution of any payments made by Plaintiff to Defendant under the disputed debt.

(6) Punitive damages to punish particularly egregious or willful conduct by Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable litigation expenses.

(8) Any other relief the Court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT FIVE
## UNJUST ENRICHMENT

74**.**   Averments of paragraphs 1 through 73 are incorporated herein by reference.

75. Defendant has violated Missouri Revised Statutes Section  §516.120 and has been unjustly enriched[5] at Plaintiff's expense through its fraudulent actions, including but not limited to forging Plaintiff's signature on loan documents and misrepresenting the terms of the loans.

76.  Defendant knowingly obtained financial benefits and profits to which it was not entitled under the original loan agreement and subsequent fraudulent transactions.

77.  Defendant's retention of these financial benefits and profits at Plaintiff's expense constitutes unjust enrichment.

78.  Plaintiff has suffered damages as a direct result of Defendant's unjust enrichment, including financial losses, emotional distress, and damage to her creditworthiness.

79.  Defendant's unjust enrichment warrants an equitable remedy to prevent its unjust retention of benefits acquired through fraudulent means.

---

[5]**Missouri Revised Statutes Section  §516.120**  Unjust enrichment: The principle that one person should not permit themselves to be unjustly enriched at another person's expense  - Quasi-contract: Also known as a contract implied in law, which allows for restitution based on the value of the benefit received - Elements of unjust enrichment: 1. A benefit conferred upon the defendant by the plaintiff. 2. Appreciation by the defendant of such benefit. 3. Acceptance and retention of the benefit under circumstances that make it inequitable for the defendant to retain the benefit without paying the value thereof.

80.  **Plaintiff seeks:**

(1) Declaratory relief stating that Defendant violated Missouri Statutes  §516.120.

(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

 (4) Actual damages for harm suffered by Plaintiff as a result of Defendant's actions, including emotional distress and financial harm.

(5) Restitution of any payments made by Plaintiff to Defendant under the fraudulent loan.

(6) Punitive damages to punish particularly egregious or willful conduct by Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable litigation expenses.

(8) Any other relief the Court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT SIX
## FORGERY

81.   Averments of paragraphs 1 through 80 are incorporated herein by reference..

82.   Defendant, through its agents, engaged in the forgery of Plaintiff's signature on loan documents, including promissory notes and deeds of trust, with the intent to deceive Plaintiff and others regarding the validity and authenticity of said documents.

83.   Defendant's forgery of Plaintiff's signature constitutes a violation of Missouri Revised Statutes Section  §516.120, which prohibits forgery[6] and fraudulent acts.

84.   Plaintiff has suffered damages as a result of Defendant's forgery, including financial losses, emotional distress, and reputational harm.

85.   Defendant's forgery was committed knowingly and intentionally, and as such, Plaintiff seeks punitive damages to deter similar misconduct in the future.

86.   **Plaintiff seeks:**

(1) Declaratory relief stating that Defendant forged documents which violated Missouri Statutes  §516.120.

(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

(4) Actual damages for harm suffered by Plaintiff as a result of Defendant's

---

[6] **Missouri Revised Statute, Section  § 516.120**, deals with civil liability for forgery. This statute allows a person to bring a civil action against someone who has committed forgery, and provides for damages and other remedies. White-collar civil forgery cases typically involve disputes over documents, signatures, or other writings in a business or commercial context.

actions, including emotional distress and financial harm.

(5) Restitution of any payments made by Plaintiff to Defendant under the fraudulent loan.

(6) Punitive damages to punish particularly egregious or willful conduct by Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable litigation expenses.

(8) Any other relief the Court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT SEVEN
## SLANDER OF TITLE

87.   Averments of paragraphs 1 through 86 are incorporated herein by reference..

88.  Defendant, through its wrongful actions and fraudulent loan transactions, has violated Missouri Statutes  § 509.210 [7] and slandered Plaintiff's title to the property located at 4023 Fawn Hollow Drive, House Springs, Missouri.

89.  Defendant's acts, including recording fraudulent loan documents and deeds, have falsely clouded Plaintiff's title to the property, impairing her ability to enjoy and convey clear title.

90.  Plaintiff has suffered damages as a result of Defendant's slander of title, including but not limited to loss of property value, expenses incurred to remedy the cloud on title, and emotional distress.

91.  Defendant's slander of title was committed knowingly and intentionally, and Plaintiff seeks punitive damages as well as injunctive relief to remove the cloud on title and restore her rightful property interests.

---

[7]**Missouri Statutes Section  §509.210**: Libel and slander actions, including averments and defenses. -Section 527.150: Suits to determine interest and quiet title, including actions to ascertain and determine the estate, title, and interest of parties in real property. - Section  §537.110: What words are actionable in slander and libel cases. Additionally, Missouri case law outlines the elements of a slander of title claim, including The plaintiff has an interest in the property. The defendant published a false statement about the plaintiff's property. The statement was maliciously published. The plaintiff suffered financial loss or injury due to the false statement.

92. **Plaintiff seeks:**

(1) Declaratory relief stating that Defendant recording fraudulent loan documents which violated Missouri Statutes §509.210, slandering title.

(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

(4) Actual damages for harm suffered by Plaintiff as a result of Defendant's actions, including emotional distress and financial harm.

(5) Restitution of any payments made by Plaintiff to Defendant under the fraudulent loan.

(6) Punitive damages to punish particularly egregious or willful conduct by Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable litigation expenses.

(8) Any other relief the Court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT EIGHT
## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

93.  Averments of paragraphs 1 through 92 are incorporated herein by reference.

94.  Defendant's conduct, including but not limited to forging Plaintiff's signature, misrepresenting loan terms, and engaging in fraudulent transactions, was extreme and outrageous.

95.  Defendant's extreme and outrageous conduct was undertaken with the intent to cause Plaintiff severe emotional distress or recklessly disregarded the likelihood of causing such distress.

96.  As a direct result of Defendant's conduct, Plaintiff has suffered severe emotional distress, including but not limited to anxiety, fear, humiliation, and distress.

97.  Defendant's conduct was so extreme and outrageous that it exceeds all possible bounds of decency and is utterly intolerable in a civilized community.

98.  Defendant violated Missouri Statutes[8] § 516.120 and Plaintiff is entitled to compensatory damages for the severe emotional distress suffered as a result of Defendant's foreclosure threats and intentional infliction of emotional distress.

---

[8]**Missouri statutes Section  § 516.120** for intentional infliction of emotional distress (IIED) and negligent infliction of emotional distress (NIED) Additionally, Missouri case law outlines the elements of IIED and NIED claims, including IIED: The defendant's negligent conduct caused the plaintiff emotional distress. - The emotional distress was medically diagnosable and significant

99. **Plaintiff seeks:**

(1) Declaratory relief stating that Defendant created fraudulent loan documents and tried to foreclose which caused severe emotional distress which which then violated Missouri Statutes  §516.120.

(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

 (4) Actual damages for harm suffered by Plaintiff as a result of Defendant's actions, including emotional distress and financial harm.

(5) Restitution of any payments made by Plaintiff to Defendant under the fraudulent loan.

(6) Punitive damages to punish particularly egregious or willful conduct by Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable litigation expenses.

(8) Any other relief the Court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT NINE
## UNFAIR AND DECEPTIVE PRACTICES

100.  Averments of paragraphs 1 through 99 are incorporated herein by reference..

101.  Defendant engaged in unfair and deceptive practices in violation of Missouri

Revised Statutes Section  §570.140[9], including but not limited to:

102.  Misrepresenting the terms and conditions of the loans and related

financial transactions.

103.  Falsifying loan documents, including promissory notes and deeds of trust.

104.  Failing to disclose material facts concerning the loans and

subsequent transactions.

105.  Engaging in acts that misled Plaintiff regarding her rights and

obligations under the loan agreements.

106.  Defendant's unfair and deceptive practices have caused Plaintiff harm and

damages, including financial losses, emotional distress, and damage to her

creditworthiness.

.

---

[9]**Missouri Statutes Section  §570.140** Deceptive Business Practice: A person commits the offense of deceptive business practice if they recklessly use a false weight or measure, sell less than the represented quantity of a commodity or service, or make a false or misleading written statement for the purpose of obtaining property or credit (Section 570.140). - Unlawful Practices: The act, use, or employment by any person of any deception, fraud, false pretense, false promise, misrepresentation, unfair practice, or the concealment, suppression, or omission of any material fact in connection with the sale or advertisement of any merchandise in trade or commerce or the solicitation of any funds for any charitable purpose is declared to be an unlawful practice (Section  §407.020).

107.  **Plaintiff seeks:**

(1) Declaratory relief stating that Defendant engaged in unfair and deceptive practices by creating a fraudulent loan which violated Missouri Statutes §570.140.

(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

(4) Actual damages for harm suffered by Plaintiff as a result of Defendant's actions, including emotional distress and financial harm.

(5) Restitution of any payments made by Plaintiff to Defendant under the fraudulent loan.

(6) Punitive damages to punish particularly egregious or willful conduct by Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable litigation expenses.

(8) Any other relief the Court deems just and proper.

# V.  CAUSES OF ACTION
## COUNT TEN
## QUIET TITLE

108.   Averments of paragraphs 1 through 107 are incorporated herein by reference.

109.   Plaintiff is the lawful owner of the real property located at 4023 Fawn Hollow Drive, House Springs, Missouri, as evidenced by the original deed attached as Exhibit A.

110.   Defendant has asserted adverse claims to Plaintiff's title through fraudulent means, including but not limited to recording forged loan documents and deeds.

111.   Plaintiff seeks a judicial determination and decree quieting title[10] under Missouri Statutes Section §527.150 to the property in her favor and removing any adverse claims asserted by Defendant.

112.   Plaintiff further seeks an order canceling and expunging any fraudulent or invalid liens, encumbrances, or claims on the property recorded by Defendant.

---

[10]**Missouri statute for quiet title is Section  §527.150**  Here are the key points about this statute: - Purpose: This statute allows a person claiming an interest in real property to bring an action to quiet title against anyone else claiming an interest in the same property. - Scope: The action can determine the estate, title, and interest of each party in the property, and the court can award full and complete relief, whether legal or equitable.

113. **Plaintiff seeks:**

(1) Declaratory relief  and a judicial determination that Plaintiff is the rightful owner of her property granting a quiet title action in accordance with Missouri Statutes  §527.150.

(2) Injunctive relief preventing Defendant from foreclosing on the Plaintiff.

(3) Statutory damages as provided under Missouri including damages for each failure to comply with statutory requirements.

(4) Actual damages for harm suffered by Plaintiff as a result of Defendant's actions, including emotional distress and financial harm.

(5) Restitution of any payments made by Plaintiff to Defendant under the fraudulent loan.

(6) Punitive damages to punish particularly egregious or willful conduct by Defendant.

(7) Attorney's fees and costs of bringing this action, including reasonable litigation expenses.

(8) Any other relief the Court deems just and proper.

# VI.  CONCLUSION

It is clear that Plaintiff, Sabrina Koehler, has been subjected to significant hardship due to the fraudulent actions of Broker Solutions, Inc., doing business as New American Funding (NAF). Despite her diligent efforts to resolve the matter, NAF not only fabricated and forged loan documents in her name without her knowledge or consent but also proceeded to foreclose on the loan and  transfer it to Midfirst Bank. These actions have not only undermined Plaintiff's rights as a borrower and property owner but have also caused considerable distress and uncertainty.

The evidence presented, including multiple versions of the loan note with differing signatures, underscores the fraudulent nature of NAF's actions. Plaintiff's pursuit of a declaratory judgment, injunctive relief, and quiet title action is essential to clarify the validity of the original loan agreement, challenge the forged documents, and secure her property rights free from any illegitimate  claims or liens.

This case not only seeks justice for Sabrina Koehler but also raises important issues concerning borrowers' rights and the prevention of fraudulent lending practices within the mortgage industry. The outcome of this case will have far-reaching implications, ensuring accountability for those responsible and safeguarding the integrity of legal agreements in financial transactions.

In conclusion, it is imperative that the court recognizes the gravity of the situation faced by Plaintiff and grants the relief sought to rectify the injustices perpetrated against her. Plaintiff's efforts are aimed at holding accountable those who engaged in fraudulent conduct, preventing further harm, and restoring her rights as a lawful property owner.

# VII.  PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff Sabrina Koehler respectfully prays that this Honorable

Court:

1. Enter judgment in favor of Plaintiff and against Defendant on all causes of action alleged herein;

2. Quiet title to the real property located at 4023 Fawn Hollow Drive, House Springs, Missouri, in favor of Plaintiff and remove any adverse claims asserted by Defendant;

3. Cancel and expunge any fraudulent or invalid liens, encumbrances, or claims on the property recorded by Defendant;

4. Award Plaintiff the amount of $100,000.

5. Award Plaintiff compensatory damages, including but not limited to financial losses, emotional distress, and damage to her creditworthiness, in an amount to be determined at trial;

6. Award Plaintiff punitive damages as appropriate to punish Defendant for its wrongful conduct and to deter similar conduct in the future;

7. Grant Plaintiff equitable relief, including restitution and disgorgement of profits wrongfully obtained by Defendant through its fraudulent actions;

8. Award Plaintiff statutory damages and any other relief available under Missouri law for Defendant's unfair and deceptive practices;

9. Award Plaintiff attorney's fees, costs, and expenses incurred in prosecuting this action;

10.  Grant such further relief as the Court deems just and proper.

Respectfully submitted,

Sabrina Koehler, Plaintiff, pro se
4023 Fawn Hollow Drive
House Springs, MO 63051

## VERIFICATION

STATE OF MISSOURI, COUNTY OF JEFFERSON

I have read the foregoing **Second Amended Complaint** and know its contents.
The matters stated in the foregoing document are true of my own knowledge
except as to those matters which are stated on information and belief and, as to
those matters, I believe them to be true.  I declare under penalty of perjury under
the laws of the State of Missouri that the foregoing is true and correct.


SABRINA KOEHLER


Dated March 11, 2025

## CERTIFICATE OF SERVICE

I hereby certify that I am over the age of 18 and I have sent via a copy of

this Second Amended Complaint to the following attorneys for the Defendant,

**LOGS LEGAL GROUP, LLP**
Jason Bright
13801 Riverport Dr, Suite 502
Maryland Heights, MO  63043
314-770-2120


SABRINA KOEHLER

**Date:  March 11, 2025**