**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| SABRINA KOEHLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )    Case No. 4:24-cv-1020-JSD |
| | ) |
| BROKER SOLUTIONS, INC. d/b/a | ) |
| NEW AMERICAN FUNDING, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant New American Funding, LLC's Second Notice of Non-Compliance with Neutral Requirements and Request for Sanctions. (ECF No. 72)[1] In this Motion, Defendant notes that Plaintiff has not complied with this Court's Orders referring this case to mediation and she has not paid the required mediation deposit. Defendant requests that the Court sanction Plaintiff for her failure to comply with the Case Management Order entered on June 11, 2025, and the Court's Order entered on March 6, 2026. (ECF No. 73 at 1)

The Court referred this case to mediation on February 4, 2026 (ECF No. 54), in keeping with the Case Management Order entered on June 11, 2025 (ECF No. 36). Further, the Court held a hearing on February 26, 2026, with Plaintiff and defense counsel, where the Court reiterated its referral of this case to mediation and Plaintiff moved for the appointment of a new mediator. (ECF No. 62) On that same date, the Court granted Plaintiff's request for an appointment of a new

---

[1] The Court previously held the Second Notice of Non-Compliance with Neutral Requirements and Request for Sanctions in abeyance to allow Plaintiff another opportunity to comply with the Court's Orders. (ECF No. 75) As Plaintiff still has not complied, the Court will grant the Motion.

meditator. (ECF Nos. 63) On March 4, 2026, the Court issued a Notice of Appointment of Neutral, appointing Ann Davis Shields. (ECF No. 67)

On March 5, 2026, Defendant New American Funding, LLC filed a Notice of Non-Compliance with Neutral Requirements. (ECF No. 69) Defendant provided an email from the office of mediator Ann David Shields whereby she canceled the mediation, previously scheduled for March 18, 2026, due to Plaintiff's nonpayment of the mediation deposit. (ECF No. 69-1) On March 6, 2026, the Court issued an Order, clarifying its referral of this case to mediation and the appointment of Ann Davis Sheilds as mediator. (ECF No. 70) The Court again ordered Plaintiff to participate in mediation and to comply with the directives of mediator Ann Davis Sheilds. *Id*. the Court emphasized: "**Any failure by Plaintiff to follow this Court's order to participate in mediation, including following the requirements outlined by the mediator, shall be deemed to be contemptuous and may result in sanction, including possible striking of the pleadings and dismissal for failure to following this Court's orders.**" *Id*. (emphasis in original)

On March 12, 2026, Defendant filed a Second Notice of Non-Compliance with Neutral Requirements and Request for Sanctions. (ECF No. 72) In the Memorandum in Support, Defendant noted that Plaintiff still has not responded or paid the required deposit for mediation.

On March 19, 2026, this Court issued an Order, holding Defendant's Second Notice of Non-Compliance with Neutral Requirements and Request for Sanctions in abeyance. (ECF No. 72) The Court provided one final opportunity for Plaintiff to comply with this Court's directive to participate in mediation. The Court required Plaintiff to pay the requested deposit to mediator Ann Davis Shields and to comply with any other requirements imposed by mediator Ann Davis Shields no later than March 27, 2026. (ECF No. 75) The Court notified Plaintiff that "**Failure to comply**

**with this Court's Order regarding mediation will result in dismissal of this action.**" (ECF No. 75 at 3 (emphasis in original))

Here, the Court holds that Plaintiff has shown a "pattern of intentional failure to follow court orders" such that dismissal of this action with prejudice is appropriate. *Siems v. City of Minneapolis*, 560 F.3d 824, 826 (8th Cir. 2009). The Court has ordered Plaintiff to participate in mediation on several occasions. (ECF Nos. 54, 63, 70, 75) On the last two occasions, the Court notified Plaintiff that she must abide by this Court's Orders to reschedule the ADR and pay the deposit to the mediator or else the Court would impose sanctions, including dismissal of this case. On March 30, 2026, Defendant filed a Memorandum Regarding Court Order (ECF No. 76), stating that Plaintiff has not rescheduled the mediation; likewise, the Court has received no information from Plaintiff indicating that she is attempting to follow the Court's Orders. As a result, the Court grants the Second Notice of Non-Compliance with Neutral Requirements and Request for Sanctions and dismisses this action for failure to follow this Court's Orders pursuant to Fed. R. Civ. P. 41(b).  *See Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) ("A district court has the power under Fed.R.Civ.P. 41(b) to dismiss an action for the plaintiff's failure to comply with any court order and, unless otherwise specified, such a dismissal operates as an adjudication on the merits."); *Dudley v. Miles*, 597 F. App'x 392 (8th Cir. 2015) (affirming dismissal of *pro se* 42 U.S.C. § 1983 complaint pursuant to Federal Rule of Civil Procedure 41(b), where plaintiff did not  follow the magistrate judge's order to file an amended complaint despite warnings that dismissal could result from his failure to do so); *see also Haley v. Kansas City Star*, 761 F.2d 489, 490 (8th Cir. 1985) ("A district court may, on its own motion, dismiss an action for failure of the plaintiff to comply with any order of the court").

Accordingly,

**IT IS HEREBY ORDERED** that Defendant New American Funding, LLC's Second Notice of Non-Compliance with Neutral Requirements and Request for Sanctions (ECF No. 72) is **GRANTED.**

**IT IS FURTHER ORDERED** that, pursuant to Fed. R. Civ. P. 41(b), this action is **DISMISSED** for failure to comply with this Court's Order and failure to follow the Federal Rules of Civil Procedure. An appropriate Judgment is filed herewith.

JOSEPH DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 31st day of March, 2026.